## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

SANDRA DILLARD                                    CIVIL ACTION

VERSUS                                            NO. 06-8866

STATE FARM INSURANCE COMPANY                      SECTION "C"(4)


## ORDER

The Court previously ordered briefing on whether the jurisdiction amount

existed at the time of removal (Rec. Doc. 4). The parties may neither consent to nor

waive federal subject matter jurisdiction.  *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848 (5th

Cir. 1999).  Bare assertions by the removing party are insufficient to invest a federal court

of jurisdiction.  *Asociacion Nacional De Pescadores A Pequena Escala O Artesanales De*

*Colombis (ANPAC) v. Dow Quimica De Colombia, S.A.*, 988 F.2d 559 (5th Cir. 1993), *cert.*

*denied*, 114 S.Ct. 685 (1994).  Instead, the Fifth Circuit advises the district courts that they

should review their subject matter jurisdiction in cases such as this.  *Id.; Luckett v. Delta*

*Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999).  In order to remain in federal court, the

removing party must prove by a preponderance of the evidence that the jurisdictional

minimum exists. *Id.*   This showing may be made by either: (1) demonstrating that it is

facially apparent that the claims are likely above the jurisdictional minimum; or (2) setting forth the facts in controversy that support a finding of the jurisdictional minimum.  *Id.*  It is the recognized burden of the party invoking jurisdiction "both to allege with sufficient particularity the facts creating jurisdiction, in view of the nature of the right asserted, and, if appropriately challenged, or if inquiry be made by the court of its own motion, to support the allegation."  *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 287, fn. 10 (1938) (citing, *McNutt v. General Motors Corp.*, 298 U.S. 178, 182-189 (1936); *Diefenthal v. Civil Aeronautics Board*, 681 F.2d 1039 (5th Cir. 1982)), *cert. denied*, 459 U.S. 1107 (1983).

In response to the Court's order (Rec. Doc. 3), the defendant filed a memorandum (Rec. Doc. 6) that did not address the jurisdictional amount but rather stated it is still trying to determine if a policy even exists for the property at issue.

The plaintiff avers, to the best of her knowledge existent at the time the matter was removed and based upon the outstanding portions of her damage claim, that the amount in controversy which existed at the time of removal failed to meet the minimum amount necessary to support removal.  In support, plaintiff has  agreed to stipulate that her damages are less than $75,000, exclusive of costs and interests.

Thus, based on the record and the law, the Court finds that the defendant has not established subject matter jurisdiction.  In addition, the Court is mindful that removal jurisdiction is strictly construed.  *See*: *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100

(1941); *Brown v. Demco, Inc.*, 792 F.2d 478 (5th Cir. 1986); *Butler v. Polk*, 592 F.2d 1293 (5th Cir. 1979); C. Wright, A. Miller & E. Cooper, 14B *Federal Practice & Procedure: Civil*, §3721. When subject matter jurisdiction is doubtful, remand is appropriate.  C. Wright, A. Miller & E. Cooper, 14C *Federal Practice & Procedure: Civil*, §3739.

IT IS ORDERED that this matter be and hereby is REMANDED to the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana for lack of jurisdiction under 28 U.S.C. § 1147(c).

New Orleans, Louisiana, this 24th day of January, 2007.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE